EASTERLING *v.* STATE.

[82 South. 306, Division A. No. 20786.]

1. RAPE. *Attempt. Persuasion.*

Mere strenuous efforts to persuade a woman to yield to sexual
· intercourse, with no felonious design to commit the crime of

rape will not warrant a conviction of assault with intent to rape.

2. SAME.

In passing upon the facts of a charge of rape or attempt, the particular facts and circumstances of each case are to govern and no precise rule as to what acts will constitute rape or an attempt can be stated.

APPEAL from the circuit court of Jones county.

HON R. S. HALL, Judge.

Henry Easterling was convicted of assault with intent to rape and appeals.

The facts are fully stated in the opinion of the court.

*Deavous, Hilbun & Dearvours* and *D. B. Cooley,* for appellant.

*Ross A. Collins,* Attorney General, for the state.

HOLDEN, J., delivered the the opinion of the court.

The appellant, Henry Easterling, was convicted of an assault with intent to commit rape upon his former wife, Nora Easterling, and appeals here.

We have carefully read the evidence in this case, and after a thorough and full consideration of the facts presented by the state upon which the conviction rests we are convinced that the proof falls short of being sufficient to establish the charge beyond a reasonable doubt.

We see no good purpose to be served by setting out in detail the peculiar facts of this case as disclosed by the record; and we deem it ample to say that under the facts and singular circumstances of the alleged attempt we are warranted in saying, as a matter of law, the appellant had no felonious design to commit the crime of rape. What he did amounted only to a strenuous effort to persuade his ex-wife to yield to his sexual desires. In passing upon the facts of a charge of rape,

or attempt, the particular facts and circumstances of each case are to govern. No precise rule as to what acts will constitute rape, or an attempt, can be stated. This is to be determined by the facts of each case. The proof of criminal intent on the part of appellant is insufficient here for conviction.

*Reversed, and appellant discharged.*